SUSAN K. GAREA, SBN 260407
**BEESON, TAYER & BODINE, APC**
483 Ninth Street, 2nd Floor
Oakland, CA  94607-4051
Telephone:   (510) 625-9700
Facsimile:   (510) 625-8275
Email:       SGarea@beesontayer.com

Attorneys for Petitioner
TEAMSTERS LOCAL 853

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAMSTERS LOCAL 853,<br><br>                    Petitioner,<br><br>v.<br><br>SFO AIRPORTER, INC. d/b/a COMPASS TRANSPORTATION,<br><br>                    Respondent. | Case No.<br><br>**PETITION TO VACATE ARBITRATOR'S AWARD** |

NOW COMES TEAMSTERS LOCAL 853 and petitions the Court as follows:

### JURISDICTION

1. This Court has jurisdiction pursuant to the Labor Management Relations Act, Section 301, 29 U.S.C. § 185(a) ("Section 301").

### PARTIES

2. Petitioner Teamsters Local 853 (the "Union") is and at all times relevant and material herein has been a labor organization and the exclusive collective bargaining representative of the drivers employed by Respondent SFO Airporter, Inc. d/b/a Compass Transportation in the San Francisco Bay Area including those dispatched out of its facilities located in South San Francisco, California and San Jose, California.

3. Respondent SFO Airporter, Inc. d/b/a Compass Transportation (the "Employer") is and at all times relevant and material herein has been engaged in the business of providing

1  transportation, including shuttle bus transportation for employers in and around Silicon Valley. The
2  Employer's headquarters is located in South San Francisco, California. The Employer is and at all
3  times relevant and material herein has been an employer in an industry affecting commerce within the
4  meaning of Section 301.

**INTRADISTRICT ASSIGNMENT**

4. Pursuant to Civil Local Rule 3-2(d), this case is appropriate for assignment to the San Francisco or the Oakland Division.

**FACTS**

5. The Union and the Employer are parties to a collective bargaining agreement ("CBA") covering the Employer's drivers in the Bay Area, working out of South San Francisco and San Jose, California. The applicable CBA had a term from November 23, 2015 through October 23, 2018. A true and correct copy of the CBA is attached as **Exhibit A** and incorporated herein by reference. The CBA contains a grievance-arbitration procedure for final resolution of disputes arising under the CBA at Article 18. The CBA provides that "the arbitrator shall have no authority to detract from, modify, add to, delete, alter, amend, change or subtract from this Agreement."  (Exh. A at p. 20.)

6. Employees covered by the CBA are drivers that drive shuttles for the clients of the Employer. The CBA protects employees from termination in the event that a client removes the driver from an account.

7. The CBA states, in relevant part,

> Under direction from any client or customer, an employee may be removed from service of that client or customer if it is deemed the employee is not performing to the client or customer's satisfaction. The employee, however, may bid to work for another client or customer, unless the employee engaged in misconduct or actions warranting discharge from the employer. <u>If no position are available with another client or customer, the employee *will* be deemed laid off</u>.

(Exh. A at p. 17 (emphasis added).)

8. On November 2, 2018, a client requested that the Employer remove an employee, Michael Henderson (the "Grievant") from an account based on an anonymous complaint from a passenger. On November 13, 2018, the Employer terminated the Grievant. On November 28, 2018, the Union filed a timely grievance protesting the termination.

1    9.    The parties agreed to submit the grievance to arbitration before Arbitrator David Hart
2    pursuant to the grievance-arbitration procedure contained in the CBA.

3    10.   On July 15, 2019, Arbitrator Hart issued his Opinion and Award denying the Union's
4    grievance. Despite the clear mandatory contract language and the restriction on an arbitrator against
5    detracting from or modifying the contract, the Arbitrator denied the Union's grievance, upheld the
6    Company's termination by finding that:

> While just cause is the Employer's responsibility to satisfy in a discharge case, retaining one's basic qualification(s) for continued employment is solely the responsibility of the Employee. . . Disqualification by an Employee can result from many things, including lack of physical ability to do the job, loss of licensure, or rejection by customers and/or clients. For example, a Collective Bargaining Agreement covers a group of Employees that are employed under only one contract, the customer's designation of a particular Employee ineligible for future service is traditionally known as the "Persona Non Grata" doctrine. In such cases, the loss of the Employer's ability to assign work to that employee fails to maintain his or her qualification for purpose of continued service, neither due process nor just cause can prevent that employee from loss of employment. It is the Employee's sole obligation to maintain his or her qualified status in such a fashion as to continue to be "qualified" for continued employment. To find otherwise would jeopardize the job security of all of he members covered by any Collective Bargaining Agreement, a result which neither of the parties to this Arbitration intended. . . . **The Company did not need to meet the standard for termination of the Grievant's employment because of misconduct, even through his alleged and partially admitted behavior was a violation of the Driver Manifesto and multiple provisions of the parties' Agreement; rather, the Company properly terminated his employment due to his persona non grata disqualification.** Nothing in the contract was triggered which required the employer to "find" work thereafter for the Grievant.

A true and correct copy of Arbitrator Hart's Opinion and Award is attached as **Exhibit B** and incorporated herein by reference.  (See Exh. B at pp. 11-12 (emphasis added).)

## LEGAL CLAIM

11.   By concluding that the Company need not meet the standard for termination of the Grievant because he was removed from an account by a customer and that the Company could sever the Grievant's employment because he was removed from a customer account, the Arbitrator modified the CBA and eliminated terms of the agreement. The CBA explicitly states that in the event an employee is removed from a customer account that employee may bid to work for another client or customer or, if no positions are available, *will* be deemed laid off. The CBA protects an

employee's seniority upon removal from an account by a customer. The Arbitrator did not interpret the CBA language; he ignored it and effectively deleted it. He replaced it with his own brand of industrial justice and the Opinion and Award did not draw its essence from the CBA. The Arbitrator's decision that the Employer could terminate the Grievant based solely on his "*persona non grata*" removal from an account and that just cause did not apply exceeded his authority and modified the parties' CBA.

WHEREFORE, Petitioner prays:

1. That Arbitrator Hart's Opinion and Award be vacated;
2. That the grievance be remanded to the parties through resolution through the CBA's grievance-arbitration procedure in a manner consistent with the Opinion of this Court;
3. That Petitioner be awarded costs incurred herein; and
4. For any such other and further relief as the Court may deem proper.

Dated: October 21, 2019                                       BEESON, TAYER & BODINE, APC


By:    */s/ Susan K. Garea*
         SUSAN K. GAREA
Attorneys for Petitioner TEAMSTERS LOCAL 853